# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 14, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**PHILLIP FRYE,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0843**  (BOR Appeal No. 2048193)
             (Claim No. 2012025154)


**PINE RIDGE COAL COMPANY, LLC,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Phillip Frye, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Pine Ridge Coal Company, LLC, by Henry C. Bowen, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 24, 2013, in which the Board affirmed a February 19, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges modified the claims administrator's July 16, 2012, decision denying Mr. Frye's request to reopen his claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Frye worked for Pine Ridge Coal Company, LLC as a utility worker. Mr. Frye filed a request to reopen his claim for temporary total disability benefits. Paul Bachwitt, M.D., concluded that Mr. Frye's multi-level degenerative disc disease was pre-existing and that he was at his maximum medical improvement when he returned to full duty work on January 21, 2012. He further concluded that Mr. Frye's 5% impairment for this compensable injury had been fully compensated by his previously received 8% permanent partial disability award for the lumbar

1

spine. The claims administrator denied the request to reopen the claim on a temporary total disability benefits basis based upon the independent medical evaluation of Dr. Bachwitt.

The Office of Judges modified the claims administrator's decision and denied the request for reopening on the basis that there is insufficient medical evidence to demonstrate that Mr. Frye was entitled to additional temporary total disability benefits due to the subject compensable injury. The Board of Review affirmed the Order of the Office of Judges. On appeal, Mr. Frye disagrees and asserts that his need for temporary total disability benefits is justified by the medical evidence and his testimony. He further asserts that even though he initially returned to work, he has shown reliable evidence that proves his back injury has progressed with increasing pain levels to render him disabled again from his usual occupation as a coal miner. The employer maintains that the evidence in record does not support a reopening of the claim because the facts are substantially similar to those already considered. It further maintains that there is no evidence of an aggravation or progression of Mr. Frye's injury not previously considered. Pine Ridge Coal Company, LLC asserts that Mr. Frye returned to work after Dr. Bachwitt found him to have reached his maximum medical improvement until he was laid off due to the mine closing and that reaching maximum medical improvement is one statutory basis for stopping temporary total disability benefits.

The Office of Judges found that the evidence revealed Mr. Frye suffered an injury to his low back on January 16, 2012, and was held compensable for lumbosacral sprain. The Office of Judges concluded that the evidence further showed Mr. Frye had pre-existing problems in his low back in the form of degenerative changes that caused him to be off work for a significant amount of time prior to his work-related incident. The Office of Judges pointed out that Mr. Frye was able to return to work for a short period of time immediately after the injury. The Office of Judges concluded that Mr. Frye may have a herniated disc in the lumbar spine but this condition is not compensable. It held that the record is insufficient to reopen the claim for temporary total disability benefits. The Board of Review affirmed the Order of the Office of Judges.

We agree with the conclusion of the Board of Review and the findings of the Office of Judges. Mr. Frye was able to return to work immediately following the injury and only ceased working when he was laid off because the mine was shut down. The evidence shows that Mr. Frye had pre-existing problems in his lower back. The claim was held compensable for lumbosacral sprain and not for a herniated disc. Therefore, temporary total disability benefits have properly been denied because the evidence does not reveal that Mr. Frye is temporarily totally disabled due to the lumbosacral sprain, the only compensable condition of the claim.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 14, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II